Would the lawyers who are going to argue this case please both tell us your names. And I'll just ask you both to keep your voices up nice and loud. Do not feel compelled to take your whole 20 minutes, but we will certainly give it to you if you want it. Please come on up. Good afternoon. Thank you, Your Honors. This case appears to be much more of a procedural matter, obviously, than it is anything else, and I think that's why it's been discussed. I would call it kind of a procedural nightmare for everybody. It has been for us, obviously, because, and I know that this has nothing to do with the substance of the merits for this court, but the change of judges in this case probably, as we know, happens too often across the street to cause some difficulty. And it did in this case, there's no doubt, because I personally was there for every hearing, and every time there was a direction on this case that I followed, and then I thought, at the time, which is obvious, I think, to this court, that I was also doing the extra step to protect both of my avenues of recovery, which I did, I think, just as a practicing counsel, knowing what these procedures could be as the nightmare, I think, as the court calls it. So I went both routes to make sure that I gave the court every avenue that I thought was proper to basically avoid a fairly simple miscarriage of justice. And before you get to the substance, just so I'm clear, in your opinion, if we agree with you that the first amended complaint should not have been dismissed, then there's no need, is there, to can we agree with you that there was no 304A language so that you hadn't lost your right to appeal that order? We agree with you on both those things. We don't need to get into whether you should have been allowed to file a second amended complaint or the 1401 petition. Do you agree with that? That would be true, because the first amended complaint, if it wasn't being dismissed, but procedurally we know how it happened, because really from a very practical standpoint, as we know this very often can happen in the trial court, is that I was simply asked for the basis of this amended complaint to bring this gentleman back in as the father. And when I said it is no longer an ownership issue, it is now a negligence issue, because my experts have this opinion, and it became negligence as this basis. But isn't that in your first amended complaint as well? There is a reference to it. I agree. Okay, so what's the difference in the second amended complaint? It's just more fleshed out? Well, the ownership at that point was clarified, because I don't contest the affidavit. So you got rid of the ownership and said it's just the repairs? Correct, because I think that at that juncture there was, on the record, uncontested evidence that it was the son that owned it. But it was clear at that juncture that the court had dismissed this case on ownership only. I mean, there was no doubt about it. And then the other issue I think that became important is that with the motion for reconsideration that is filed only two weeks after the September 22nd order, I think the court at that point obviously retains the right to reconsider and to keep that quote-unquote jurisdiction at that point. But I think, as Your Honor just mentioned, if the first amended complaint stands, the rest of it pretty much does become moot, because it already named the father. And isn't it correct that Judge Axelrude did an order which he prepared himself and there was no 304 language there? Judge Axelrude's order, if you're referring to the September 22nd order, that was an order I believe that was written with counsel and... Well, there were two orders. Right. There was an order that Judge Axelrude, it was my understanding, prepared himself. Yes. And then there was another order, a case management order, which apparently included 304A language which was never signed by Judge Axelrude. The first order was actually signed by him. The other order was simply stamped by the clerk. Correct. And I misunderstood. I thought you meant the counsel order, but you're right. The first order that's entered, there is no 304A, and as I even put in my briefing affidavit, I don't know that there was any, but it was written into that order as part of the case management at the end of that order. But that order was not signed by Judge Axelrude. That was simply stamped by the clerk. That is my understanding, and that is what the record reflects. Yes. And I think what was, at that point, that was important, because I think we've argued all along, is the court never lost its jurisdiction. And I think that was what was really instructive, and unfortunately this was part of the nightmare, is that the first time it appeared, after more than 18 months plus, that the court took a really comprehensive look at this, was the November 13th order by Justice Kavanaugh. Justice Kavanaugh. And he really took the time. He was comprehensive in its history. I think it was the first time the court really looked at everything that had occurred in this case since September 2016. And he obviously put together an extremely thoughtful order. Now, that's no coincidence, obviously, because he ruled in our favor that I would say that. But if you look at the order, it really is a very comprehensive history, where I think he understands we've got a problem here. Either the amended... He said with multiple judges during this case, there's been some confusion here, and then he did a detailed order. And I think that was important, because he recognized something that was the crux of this case. Either the amended complaint has to stand, because it names the father of this additional party, which was appropriate and something that should have been done at the outset. Or, if for some reason there was a loss of this jurisdiction and a 214-01 petition applied, which I will tell you, I did not think that from the start, because if you look at the record, it was not something that I had pursued until the court had directed me to do that. Because I never thought we could file a loss jurisdiction. Never. You filed without the directions of the court. I did. But I will say on the record, I didn't go forward to file the 214-01 petition initially, because I never believed that I don't believe that the court had a loss jurisdiction to be able to rule on a candle. Judge, Esri ordered you to file the 214-01. Yeah, I don't know that I would technically use the word... He suggested. But he directed that that was the appropriate measure. I mean, he was very clear. He said, I don't think that the amended complaint is correct. You should file a 214-01 petition, basically, if I'm pursuing this. At that juncture, it became clear to me that both avenues were going to be necessary to protect my client's rights, so that we would simply end up with a proper pleading. We've got the evidence. We have the situation where losing a party under these circumstances just doesn't make sense to me, neither procedurally nor substantively, on the merits. And I simply think that we should be, as the court has indicated, going back to square one, so to speak, where we have a proper pleading that has been requested, and I think the avenues for the procedural avenues for that to have occurred, I think, was done at every juncture in this case by me, whether it be the motion for reconsiderations, following up on the orders, and timely filing all of these pleadings. In that regard, I would ask the court to be able to reverse the final ruling that was issued in March and April of 2018 to allow us for this filing and to proceed on the merits. Thank you. Thank you, Kyle. Good afternoon, Your Honor. Counsel, may it please the court? Have you traveled all this distance on this same case with opposing counsel? I'm afraid that I have, Your Honor. And much like my opposing counsel, I feel the same. That has been quite the journey through these sets of pleadings. I will say, however, that I do believe at the outset that the court at all times, including at the times that Judge Axelrod took a look at this case, was looking at this matter in a very comprehensive fashion. At the outset, I know that there's a multitude of issues that are apparent, and I know that it's very convoluted from a pleading standpoint. However, I'd just like to point out, with regards to the 304A language that was entered on the September 22nd, 2016 court's granting of the motion to dismiss. And it's actually in the case standards report. Yes. There were two separate orders issued on that day. You are correct, Your Honor. There were two separate orders issued on that day. One was a written opinion. It was signed by a judge, Axelrod. Correct. And the other was stamped by the court. Correct. After we appeared before the judge for discussion on his rule, we were there for a hearing day to discuss further progressing forward, where the judge gave a written opinion, where 304A language was requested of the court, which was entered then into a case management order, which was then given to the court, as you all know. Is this even proper 304A language? It just says, I mean, it doesn't make a 304A finding. It just says, subject to Illinois Supreme Court Rule 304A. It doesn't make the 304A finding. Sure. And what I will say, there's a couple of cases. One being Palmolive, which is the case that deals with 304A language, which deals with the magic words, so to speak, of that final and appealable without further delay of the court. However, there's a subsequent case that also suggests that although this language does appear within the rule itself on 304A, that the order does not have to parrot the specific language of 304A, as long as it is apparent through the order that 304 language was intended to be invoked. And I do have a citation or a case that I can refer to. Sure. The matter is Warburg Motors v. Culbarsh, 2014 L.A. 1st, 131664, which does suggest that as long as the intention of the order is that 304A language be invoked, then that intention follows through to the subsequent orders, which is why I think this first step was so important throughout the amalgamation of what occurred after this order was entered, including plaintiff's motion to reconsider the court's motion to dismiss, which was filed timely and within 30 days. And I am under the impression that the timing of an appeal after 304A language is invoked is 30 days. However, a motion to reconsider would total that, which it did here. Further, counsel's plaintiff's motion to reconsider was denied by the court on February 3rd, 2017. That is when the timer started to where a notice for appeal or a subsequent attack on the pleading in and of itself could have been filed. And the deadline for doing so was March 3rd of 2017. Up until that point, we did not get any other filing, including we didn't get a filing of a notice of appeal, which was appropriate given the 304A language that was entered within the order. We instead, on March 15th, 40 days after the court denied plaintiff's motion to reconsider, and 10 days beyond the 30-day deadline, we had a motion filed by plaintiff for leave to file a second amended complaint, now asking for the court to reinstate the defendants that were just dismissed with prejudice, pursuant to a 2619 motion to dismiss. I didn't, and this is where, you know, we had this moment. But that would be completely appropriate if it wasn't a final and appealable order. Correct, Your Honor. However, the 304A language did exist. We did have it documented from the court, which is why, upon presentment of that motion, I didn't expect in my wildest dreams that it was going to be briefed, because then what's the point of getting a dismissal of prejudice that's final and appealable, setting forth the rules therefrom, and then asking in a secondary pleading to then add those defendants that you just dismissed with prejudice back into the litigation. It's contrary to the entire, you know, judicial process that we've invoked through the court system to have to keep coming back on adding defendants that were dismissed. And that's where I think, after that point, the pleadings and everything in turn here started taking a turn. We briefed out the issue on plaintiff's motion to file a second amended complaint. Upon our argument, the court granted it. And they did suggest that it was an improper pleading pursuant to the 304A language and did suggest to counsel that a petition to vacate pursuant to 1401 would have been a more appropriate vehicle, given the circumstances of 304A language being in the original dismissal. Counsel did do that. And then, as we've said before, this matter has been through three separate judges, the final judge being Judge Lawler, who did, upon reviewing our briefs for the 214-01 petition, made a sua sponte ruling which then reversed the original dismissal with prejudice. However, upon that ruling, we then subsequently filed a motion to reconsider, under the basis that the court had erred in the application of existing law because 304A language was apparent and the order of September 2016 was final and appealable pursuant to 304A. The court, upon briefing that issue, then ruled that they agreed that the court made an error in overlooking that 304A language was a part of the court order and therefore reversed their order ad initio, reinstated the dismissal with prejudice, and then ruled upon the merits of the 1401 petition. Upon doing so, the court then looked at the necessary elements that were involved with the 1401 petition, including the existence of the meritorious defense, due diligence in presenting the defense in the original action, and due diligence in filing the 1401 petition. It's a meritorious claim or defense, right? Yes, Your Honor. So he's claiming a meritorious claim, right? It's not just for the defense, it's for plaintiffs also. Yes, Your Honor, you're absolutely correct. You need all three elements to be met in order for the 1401 to apply or to be granted, one of them being a meritorious claim. Given the stature of everything that transpired, including the expert report that is drafted well after the time in which it was purported it was known to plaintiff, including the diligence in presenting the expert's opinion of the existence thereof, we believe that's where the issue lies within the 1401 structure. And if I can just hop back, because I know we were talking a lot about the 304A language, so going back to the notion of an expert opinion that the dad did, in fact, perform some work or mechanical work upon the vehicle, simply put, the First Amendment complaint did not allege that the father did some type of erroneous work on the vehicle. What the First Amendment complaint alleged was that there was a breach of duty for failure to properly inspect the vehicle, failure to hire a professional mechanic or other qualified personnel to perform an inspection, fail to ensure that the vehicle was safe, fail to terminate the use of the vehicle after noticing that there was a light apparent. Are you stating that the Second Amendment complaint was not substantially the same as the First Amendment complaint? That sounds like what you're telling us right now. That is the Second Amendment complaint that was not filed? Well, that was attempted to be filed. Not allowed. I think the allegation is. Because I thought that Judge Lauer actually ruled on that, finding that the complaint was substantially the same. That there was. So you're telling us all the differences between the complaints. No, Your Honor. What I'm doing is I'm listing the allegations that were listed in the First Amendment complaint, and whether or not the allegation was made that the father did work on the vehicle, which was not an allegation made in the First Amendment complaint. Paragraph 30 of the First Amendment complaint, Mr. Leckie attempted to perform his own maintenance, service, repair, and replacement work on the subject Cadillac, including but not limited to the front grill and or its electrical components and wiring. In the, I was looking, Your Honor, excuse me, I was looking at paragraph 32 where it lists the. The summary, I understand. But before that, one of the specific allegations in the First Amendment complaint is that he did this work on the grill. Of which? I'm sorry. No, no. I mean, both of you are sort of trying to have it both ways. I thought that Judge Lauer said the 1401 petition is no good because everything you're saying here you could have said, and you did say in your First Amendment complaint, you should have appealed the dismissal of that. That's your remedy, not a 1401. Isn't that what Lauer said, basically, Judge Lauer? It was a part of what he had said. And also the fact that this information was apparently known from the outset, yet we were never given rise to this information by way of when we filed our 619 motion to dismiss, provided an affidavit suggesting that he's not the owner of the vehicle. He's never caused it to be repaired. He has never repaired it. There was no counter affidavit provided in any of the briefs in our original motion in that instance. And moreover, if I can point to the response brief to our 619 motion to dismiss, there was actually a shift in the duty where counsel was arguing that the duty arises from ownership of the land and having a duty to have somebody park there with a potential defective vehicle. That was the argument that was presented before the trial court. It wasn't presented that there was additional information outside of the pleadings that could suggest anything different or a counter affidavit to the affidavit that we provide. Therefore, at the end, we do – I'm sorry. Let me stop you for just a second. If it's old news, then it's no basis for a 1401. If it's what you're saying now, this is new, this is brand new, then why isn't it a proper basis for a 1401 petition? This whole thing about your client repairing the car. This is news. This is something we've just learned. With due diligence, we've come in our 1401 petition. Why isn't that proper? Because it was not new news. Okay. So now you're saying it's old news. And you're saying it's old news because it was in the First Amendment complaint or because the report existed long before the 1401 petition? Yes, ma'am. I'm sorry if I confused you. I'm not really confused. I know, and it's hard to keep all of the pleadings straight. That is exactly what I'm saying, is that this information was purportedly known even pre-suit by plaintiff's counsel. That's why the 1401 petition doesn't apply. And then the rest of the rulings that were for the motion to dismiss, subsequent motions to reconsideration, were proper rulings by the court because of the existence of the final and appealable 304A language that was on the court order. And at the end, given all of those facts, we'd ask that plaintiff be denied any relief that is being sought. I want to ask you one question of the merits. You argue in your brief that, assuming, and I think it's pretty clear that the First Amendment complaint does allege that there was maintenance work done by Mr. Leckie, and that's a basis for a duty, assuming it alleges that, you countered it in your 2619. But that's, as Judge Lawler pointed out, not an affirmative matter. That's denying the allegations of the complaint, which you have every right to do, but that's not a 2619. That's an issue at trial or for summary judgment, perhaps. But the allegation and the duty that was presented the way we understood it in the original pleading was that he had a duty to cause the vehicle to be maintained. And I think a lot of this could have been circumvented with the filing of some kind of counteraffidavit to suggest that he did do the work to the vehicle if that was information that was noted. He doesn't have to provide an affidavit if it's an allegation in his complaint. Understandably, Your Honor, however, in the duties that are listed and that were ruled upon in the 2619, I think that counsel had every opportunity through a multitude of pleadings to bring this to the forefront, and it could have been a minute issue as opposed to an issue that strung through 15 different levels of pleadings. And as the Strummer Court says, you can't just turn around on a motion to reconsider and start putting forth evidence that you knew from the beginning and call it new evidence because a court ruled against you in a brief. Thank you, Your Honor. Thank you. Just two very short points. First, I think one of the things about the case law cited by opposing counsel in terms of the intention, the most important thing I think here is, as the Court has indicated, is that the intention of the Court clearly in this case was not to give three or four a language. So if we look at that case law, that is important. And if this Court reviews this to say, under that case law, we were going to try to deduce the intention, then the clear intention of the trial court here from the order that was signed by the Court was not to give three or four a language because the only place it appears is by reference in the case management. So that, I think, is the evidence of the intention that this Court really has to rely on here that would be important under the case law. And the second thing I think that's important, obviously, and we've somewhat beat this horse to death, and that is if the negligence allegations are there, and this Court reviews this to see the basis of the trial court's order that was on this ownership issue, I think as was indicated right in the opening. One point gets the duty allegation. The duty allegation. Then I think it becomes, and I say this somewhat facetiously, but that it becomes apparent and obvious that when the allegations are in the complaint, the duty on the negligence was there, and the dismissal is done on an ownership issue that it was a separate duty, that we've got error that has to be reversed. Thank you. And just on behalf of the Court system, I think I just apologize to both of you. It shouldn't be this hard to get to the merits of anything. We're sorry. And we will take this matter under advisement, and you will hear from us shortly.